# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Edward Keith Dembry,[1]             Case No. 19-cv-307 (ECT/LIB)

         Petitioner,

v.                                 **REPORT AND RECOMMENDATION**

State of Minnesota,

         Respondent.

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as well as, upon Petitioner Edward Keith Dembry's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Docket No. 1].

Petitioner Edward Keith Dembry has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (hereinafter "Petition"). [Docket No. 1]. The Petition is now before the Court based on Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts. Based upon that review and for the reasons discussed herein, this undersigned recommends that the Petition be **DENIED as untimely**.

In May 2015, the State of Minnesota charged Dembry with first-degree criminal sexual conduct, third-degree criminal sexual conduct, and second-degree assault. Register of Actions, State v. Dembry, No. 27-CR-15-5801, available at http://pa.courts.state.mn.us (last accessed Mar. 19, 2019) (Dembry Register). Dembry pled guilty to first-degree criminal sexual conduct. Id. On May 13, 2016—after Dembry's unsuccessful motion to withdraw the guilty plea—the trial court

---

[1] The Petition's caption lists "Edward Keith Dembry" as the Petitioner, but in a later letter to the Court, Dembry refers to himself as "Edward Keith Dembry, Jr." The Court will use the name provided in the Petition's caption as that is the operative pleading in the present case.

sentenced him to 180 months in prison. Id.; State v. Dembry, No. A16-1298, 2017 WL 2625524, at *2 (Minn. Ct. App. June 19, 2017).

Dembry appealed his conviction to the Minnesota Court of Appeals. Dembry, 2017 WL 2625524, at *1.[2] In that appeal, he made two primary arguments.

First, he argued that the trial court had erred by denying his plea-withdrawal motion in which he had argued that his plea's factual basis had been insufficient. Id. at *2. Second, Dembry argued that even if the factual basis for his plea had been sufficient, the trial court had abused its discretion by denying the plea-withdrawal motion; his point here was that he had presented reasons justifying withdrawal under Minnesota's standard for withdrawing presentence guilty pleas. Id. at *3.

The Court of Appeals affirmed Dembry's conviction on June 19, 2017, and Dembry petitioned the Minnesota Supreme Court for review. Id. at *1. The Minnesota Supreme Court denied review on September 19, 2017, and the Minnesota Court of Appeals entered judgment on September 20, 2017. Id.; State v. Dembry, No. A16-1298, Judgment (Minn. Ct. App. Sept. 20, 2017), available at http://macsnc.courts.state.mn.us (last accessed Mar. 19, 2019). There is no indication that Dembry sought further review by filing a petition for a writ of certiorari with the United States Supreme Court.

Dembry submitted the present Petition on January 29, 2019. (See, Pet., [Docket No. 1], at 15).[3] In the present Petition, he raises three grounds for relief: (1) that he "admitted to false

---

[2] The Petition suggests that Dembry did not appeal his conviction. (Pet., [Docket No. 1], at 3) (answering "No" to question "Did you appeal from the judgment of conviction?"). This is plainly incorrect; the case numbered A16-1298 in the Minnesota Court of Appeals is listed as an appeal of the case numbered 27-CR-15-5801 in the Minnesota district courts, and that case is the one in which Dembry pleaded guilty to first-degree criminal sexual conduct. Dembry, 2017 WL 2625524, at *1; Dembry Register.

[3] The Petition is dated January 29, 2019, but was filed by the Clerk of Court—and so presumably received—on February 8, 2019. Under the so-called prison-mailbox rule, if a confined institutional inmate files a document and meets certain conditions, the document is timely if it was placed into the institution's mail system on or before the filing deadline. See, e.g., Pitts v. Ramsey Cty., No. 17-cv-4261 (MJD/TNL), 2018 WL 3118437, at *2 (D. Minn. May

allegations" and therefore, at most he should have been convicted of third-degree criminal sexual conduct; (2) that the colloquy underpinning his guilty plea inappropriately consisted of leading questions; and (3) that he received ineffective assistance of trial counsel because that attorney "did not show [Dembry] any evidence until [trial] was right around the corner" and did not "go into details [of the] plea deal with [Dembry]." (Id. at 6, 8, 9).

The Court need not consider the Petition's merits, however, because the relevant statute of limitations plainly bars the present Petition. Title 28 U.S.C. § 2244(d) sets the relevant limitations period and provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the

---

25, 2018) (citing cases and noting conditions), report and recommendation adopted, 2018 WL 3118293 (D. Minn. June 25, 2018). The Court need not address whether the prison-mailbox rule applies here, because—as discussed herein—Dembry's Petition is untimely even if one gives Dembry the benefit of the rule (i.e., treats the Petition as having been filed on January 29, 2019).

3

> pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Sections 2244(d)(1)(B)–(D) do not apply here. Dembry does not suggest that state action inpeded his filing the Petition, that he seeks relief based on a new constitutional-law rule, or that he lacked knowledge of the facts underlying the Petition's claims. (See, Pet. [Docket No. 1]). Section 2244(d)'s remaining provisions therefore establish the relevant limitations period.

The U.S. Court of Appeals for the Eighth Circuit has explained when the § 2244(d)(1)(A) statute of limitations begins to run:

> [T]he running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998); see, e.g., Dahl v. Miles, No. 16-cv-3571 (JRT/BRT), 2017 WL 9249427, at *2 (D. Minn. Feb. 15, 2017) (citing and applying Bowersox), report and recommendation adopted, 2017 WL 3600397 (D. Minn. Aug. 20, 2017).

Because Dembry did not file a petition for a writ of certiorari with the U.S. Supreme Court, the second part of the Bowersox rule applies here. Under United States Supreme Court Rule 13.1, "[a] petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review." Because the Minnesota Supreme Court denied discretionary review on September 19, 2017, the § 2244(d)(1)(A) limitations period began to run on December 18, 2017. The deadline for Dembry's § 2254 petition

4

was thus December 19, 2018. The result is that the present Petition—executed on January 29, 2019—is untimely.[4]

Two further limitations-period issues merit mention. First, "§ 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010) (citing cases). But such appropriate cases are rare. See, Id. "A petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Burks v. Kelley, 881 F.3d 663, 666 (8th Cir. 2018) (quoting Holland, 560 U.S. at 649). Nothing in the record suggests that Dembry could not have filed the Petition sooner, so there is no basis for concluding that Dembry should receive the benefit of equitable tolling.

Second, a petitioner can overcome the § 2244(d) time bar with a convincing showing of actual innocence. McQuiggin v. Perkins, 569 U.S. 383, 391–94 (2013). Dembry has not made such a showing here. Nothing in the materials that Dembry presents begins to explain why he is "actually innocent" of first-degree criminal sexual conduct. (See, Pet. [Docket No. 1]).

Therefore, it is recommended that Dembry's habeas corpus Petition be **DENIED** as untimely.

Denial of the Petition requires the Court to address whether Dembry merits a certificate of appealability (COA). A § 2254 habeas-corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a

---

[4] Under § 2244(d)(2), Dembry's deadline could have been tolled if he had applied for "State postconviction or other collateral review," but there is no indication in the present record that he did so. (See, Pet., [Docket No. 1], at 3) (responding "No" to question asking "Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?"); Dembry Register (showing no motions for postconviction review).

5

constitutional right." 28 U.S.C. § 2253(c)(2). Furthermore, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim"—as here— "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In the present case, it is highly unlikely that any other Court, including the United States Court of Appeals for the Eighth Circuit, would treat the Petition differently than it is being treated here. It is thus recommended that Dembry not be issued a certificate of appealability in this matter.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner Edward Keith Dembry's Petition for a writ of habeas corpus, [Docket No. 1], be **DENIED as untimely**;

2. The present case be **DISMISSED**; and

3. No certificate of appealability be issued.


Dated: March 28, 2019                                    s/Leo I. Brisbois
                                                         Hon. Leo I. Brisbois
                                                         United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).